### MYERS et al. v. CUNNINGHAM et al.

*(Circuit Court, N. D. Ohio, W. D. June Term, 1890.)*

PATENTS FOR INVENTIONS—ACTIONS FOR INFRINGEMENT—PLEADINGS.
    Rev. St. U. S. § 4919, provides that damages for infringement of a patent may be recovered by an action on the case. Section 4920 prescribes the nature of pleadings to be used in the action, and was passed in 1874. Section 914, which provides that the practice, pleadings, etc., in the federal courts shall conform as near as may be to those "in like causes" in the state courts of the state where such federal courts are held, was passed in 1872. *Held* that, as actions for infringements of patents

are within the exclusive jurisdiction of the federal courts, the pleadings therein are governed by section 4920, and a declaration in such an action, conforming to a common-law declaration in an action on the case, is sufficient, though a different form is prescribed by the statutes of the state where the court is held, and that the answer in such an action should comply with the common-law pleadings in actions on the case in form covering one or more of the defenses permitted in section 4920.

At Law.   On demurrer to answer.
*Lee & Brown*, for complainant.
*Doyle, Scott & Lewis*, for respondent.

Ricks, J.   A common-law declaration was filed in this case under section 4919 of the Revised Statutes of the United States, which provides that damages for the infringement of any patent may be recovered by an action on the case in the name of the party interested, either as patentee, assignee, or grantee.   An answer was filed on the 17th of May, 1890, which was, in substance, an answer such as is permitted in actions at law in the state courts of this state.   The plaintiff filed exceptions to that answer, because it was not in the form required by the statute of the United States.   Those exceptions were sustained, and the defendant then filed a plea, containing the general issue, with seven other special pleas.   The first plea of the general issue concludes "to the country," in the manner usual in pleas at common law.   The other pleas do not in form conclude "to the country," nor aver that the pleader is ready to verify, as provided in the forms in such cases.   The plaintiff demurred to this answer, claiming that it was not in conformity to the answer required in a patent case in response to a declaration in an action on the case.   The defendant on the argument claimed that the demurrer filed searched the record, and thereupon contended that the declaration filed in this case was not such as is provided in actions at law in this court. This presents the question as to the proper form of pleadings in this court in an action of this character for damages for an infringement.

It is undoubtedly true, as contended by the defendant in this case, that in actions at law in the circuit court in this district the pleadings conform as near as may be to the pleadings prescribed by the statute of Ohio in its courts of common pleas in similar cases.   But where a statute of the United States prescribes a special form of pleading, such statute should undoubtedly control.   It should be remembered that in this action, the validity of a patent being involved, the jurisdiction is exclusively vested in the circuit court of the United States.   If congress has provided any form for pleading in such an action, that should prevail.   The first act passed by congress on this subject was that of April 10, 1790, another passed on the 21st of February, 1793, and still another on July 4, 1836.   In this last act we find the first provision definitely prescribing the pleading in an infringement case at law.

Looking first to the sufficiency of the pleading filed by plaintiff in this case, it may be remarked that no matter what it is called,—whether a declaration, or a petition, or a complaint,—it will still be a good pleading in this suit if it be properly entitled, and contains the essential averments necessary to constitute plaintiff's statement of his ground for re-

covery in an action on the case. This is what the court decided in the case of *May* v. *Mercer Co.*, 30 Fed. Rep. 246. On examination of the pleading filed by the plaintiff in that case, the court found that "it contained all the allegations material to make an action on the case," and therefore held it sufficient. That may fairly be said of the pleading in the case now under consideration. It is, in substance, a declaration according to the forms prescribed under the old common-law pleading in an action on the case. The act of 1836, which, as before stated, has defined what sort of a plea the defendant should file in an action of this character, was repealed by the act of July 8, 1870. This last act provided a substitute for the provision in the act of July 4, 1836, by which the defendant was authorized to plead the general issue, and, having given notice, might prove on the trial any one or more of five special matters therein specified, viz.: (1) That the specification contained less than the whole truth as to the invention or discovery; (2) that the plaintiff had surreptitiously or unjustly obtained his patent; (3) that it had been patented or described prior thereto; (4) that he was not the original inventor, etc.; (5) that it had been in public use for more than two years, or that it had been abandoned to the public. This act continued in force until the 22d of June, 1874, when it was repealed by the act of that date. That act is found in the Revised Statutes as section 4920, and substantially re-enacts the provisions as to pleadings to be used by the defendant, as prescribed by the act of July 4, 1836. Now it will be well to note that section 914 of the Revised Statutes, which provides that the practice, pleadings, forms and modes of proceeding in civil cases other than equity and admiralty in the circuit and district courts shall conform, as near as may be, to the practice, pleadings, forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit and district courts are held, was passed and took effect June 1, 1872; so that when the act of June 22, 1874, more particularly defining the nature of pleadings to be used in suits of this character, was passed, congress evidently had before it the provisions of section 914 of the Revised Statutes, and section 4920 must therefore be construed with this fact in view. Now upon every principle of construction of statutory provisions, the latter act of June 22, 1874, must prevail, as against the provisions of the prior act of June 1, 1872. It is evident, therefore, upon this principle of construction of statutes, that full force and effect must be given section 4920, even though seemingly in conflict with the provisions of section 914. But in view of the fact that this act of 1874 defines the pleadings in an action at law in a case exclusively within the jurisdiction of the circuit court of the United States, the provisions of that act, so far as they define the nature of pleadings required to set forth the issue between the parties in such a case, are to prevail. It seems plain that, while a Code answer in the practice in Ohio might be sufficient to clearly define the defenses upon which the defendant relied in all actions provided for by the state statutes, it is nevertheless true that congress legislated with a view to the character of defenses usual in actions of this kind, and intended to pro-

vide a special form of pleading, which would more fully meet the requirements of such a case than the varied forms of answers in the different states in which the circuit courts might sit to try such cases. There is no great hardship in adopting and following this form of pleading. It is simple, clear, and meets all the requirement of the defenses usually set up in such suits.

The cases to which counsel have cited the court do not, we think, fully meet this question. The opinion of Judge LACOMBE, in the circuit court of the southern district of New York, does not fully disclose the nature of the pleading upon which the defendant in that case relied. In that opinion, he says that an answer which would be good in the courts of the state of New York in a "like case" ought to be good in the circuit court of the United States. But, as before stated, suits of this character are not brought in the courts of any state. A suit at law which involves the validity of a patent could not be brought in any court other than the courts of the United States. There can be, therefore, no pleading prescribed by state laws in a "like case." Mr. Walker, in his work on Patents, takes this view of the subject. In section 442, in discussing the question of rules of common-law pleading that are applicable to cases of this kind, he says:

"Where an authoritative precedent can be found for a particular relaxation, that particular relaxation must be regarded. In the absence of such a precedent, the safe and proper course is to conform to the ancient common-law rules, unless the pleader is willing to risk his defenses upon the theory that state statutes relevant to pleadings are binding on federal courts when trying patent actions of trespass on the case. The text-writer believes that they are not binding under such circumstances, because actions of trespass on the case were first prescribed by congress for patent suits in 1790, and because the law has never since been changed in that particular, and because, therefore, there seems to be no good cause for holding that such an action under the Revised Statutes is a different proceeding from what it was under the earliest of the Statutes at Large."

In none of the cases cited by counsel has this question of the proper form of pleading in this kind of a case been fully considered. The court, for the reasons above stated, is therefore of opinion that the plaintiffs' pleading in this case contains all the essential averments that are prescribed for a declaration in an action on the case under the common-law form of pleading, and is therefore sufficient. The court is further of opinion that an answer in an action of this kind should be substantially in compliance with the forms of pleading heretofore used in actions on the case, but of course should cover one or more of the specific defenses permitted under section 4920 of the Revised Statutes. Whether the defense relied on is based on one or all of these five defenses, it should be pleaded substantially as in the form heretofore used in pleas in actions on the case. The court therefore sustains the demurrer in this case, and holds that the several pleas made in the answer should conclude in the form usual to pleas in actions on the case at common law.